STATE OF MISSOURI, Respondent, *vs.* WILLIAM A. BRIGHAM, Appellant.

1. *Practice, criminal—Costs, taxation of*—Section 4, p. 349, Wagn. Stat., relating to costs to be paid by the State in cases of acquittal, refers only to costs that have accrued at the trial, and which have not been previously adjudged against either party. (Compare Wagn. Stat. ¿ 18, p. 1104.)

*Appeal from Vernon County Circuit Court.*

*W. P. Johnson* & *A. T. Holcomb*, for Appellant.

*Jno. A. Hockaday*, *Att'y Gen'l*, for Respondent, cited: Wagn. Stat. § 6, p. 1039 ; p. 1104, §§ 16, 17, 18.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for embezzlement, and at a term of the court, upon his application, the cause was continued at his costs, and judgment was rendered against him therefor. At a subsequent term he was tried and acquitted, and he. then filed his motion to set aside and vacate the judgment rendered against him for costs, and have the same taxed up against the State.

This motion was overruled and exceptions were taken to the ruling. It is now insisted that as the defendant was acquitted the State was liable for all the costs that accrued throughout the whole trial, and in support of this view we are referred to the statute relating to costs in criminal cases.

By section 4 (Wagn. Stat. p. 349) it is provided that, " in all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State."

But this section only has reference to the costs that accrued at the trial which had not previously been specially adjudged against either party. If at a previous term there had been a judgment against the defendant for costs, they would not be comprehended within the intendment of the section. If there was any doubt about the legislative will in this regard, we think it is made perfectly plain by referring to the statute regulating criminal practice, which declares, that, " verdicts may be set aside,

and new trials awarded on the application of the defendant, and continuances may be granted to either party, in criminal cases, for like causes, and under like circumstances, as in civil cases." (Wagn. Stat. p. 1104, § 18.)    This we think is decisive of the case and renders the question too plain to admit of or require argument.

Judgment affirmed.    All the judges concurring.